Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Yuchen Zhang</u>                          Docket No.  <u>1:20-CR-226</u>

### Petition on Supervised Release

COMES NOW <u>Duane A. Gilliam</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Yuchen Zhang</u>, who was placed on supervision by the Honorable Anthony J. Trenga, Senior United States District Judge, sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>10th</u> day of <u>February 2021</u>, who fixed the period of supervision at <u>three (3) years</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

### See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date  <u>November 22, 2022 @ 10:00 a.m.</u>

**ORDER OF COURT**

Considered and ordered this  <u>26th</u>  day of  <u>Oct</u> , 20 <u>22</u>   and ordered filed and made a part of the records in the above case.

Anthony J. Trenga
Senior U.S. District Judge            ct Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:  <u>October 26, 2022</u>

Duane A
Gilliam

Digitally signed by
Duane A Gilliam
Date: 2022.10.26
10:53:09 -04'00'

Duane A. Gilliam
Senior U.S. Probation Officer
703-366-2123

Place <u>Manassas, Virginia</u>

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
**Page 2**
**RE: ZHANG, Yuchen**

OFFENSE: Conspiracy to Commit Wire Fraud, in violation of Title 18, U.S.C., § 1349.

SENTENCE: Seven (7) months in the U.S. Bureau of Prisons, followed by three (3) years of supervised release.

SPECIAL CONDITIONS:  1) Upon completion of his sentence, the defendant is to be surrendered to a duly authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation, in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq.; 2)  If ordered deported, the defendant shall remain outside of the United States and not return without the express written consent of the United States Attorney General and the Secretary of the Department of Homeland Security; 3) The defendant remain drug free and submit to mandatory drug testing. The defendant must satisfactorily participate in, and complete, any inpatient or outpatient substance abuse treatment program as directed by the probation officer; 4) The defendant shall participate in mental health counseling and treatment at the direction of the probation officer and waive all confidentiality in connection with mental health in order to allow the probation officer to have direct contact with and exchange of information with his mental health providers; 5) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer; 6) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer; 7) The defendant shall provide the probation officer access to any requested financial information; and 8) The defendant is ordered to pay restitution to the victims in the amount of $42,306.22, due and payable immediately.  In the event an unpaid balance remains at the time of his release, the defendant is ordered to pay the restitution in equal monthly installments of at least $150, said payments to begin within 60 days of release and continuing until paid in full.  In addition, a $100 special assessment fee was also imposed.

ADJUSTMENT TO SUPERVISION:  Mr. Zhang's term of supervised release commenced inactive on June 24, 2021, as he was released to the custody of the Department of Homeland Security Bureau of Immigration and Customs Enforcement (BICE).  On October 22, 2021, the defendant was released from BICE custody pending deportation to China.  The defendant is currently unemployed as BICE has declined to provide the defendant with authorization to obtain employment.  As Mr. Zhang is unable to obtain employment, he has not made any payments toward his restitution and is financially supported by his family.

On March 4, 2022, this officer filed a Petition on Supervised Release as Mr. Zhang admitted to using Methamphetamine on or about December 18, 2021 and February 21, 2022.

On April 21, 2022, an Addendum was submitted to Your Honor requesting a warrant be issued for Mr. Zhang as he submitted four (4) additional urine screens that were positive for amphetamine and he admitted to using methamphetamine on each occasion.  Additionally, the defendant failed to report to the probation office for drug testing on March 24, 2022 and April 18, 2022.

Mr. Zhang was arrested on our outstanding warrant on April 26, 2022, and he appeared before the Honorable Theresa Carroll Buchanan for a probable cause hearing on April 28, 2022.  At that time, the defendant admitted to probable cause and was remanded to the custody of U.S. Marshal Service until his appearance before Your Honor on May 6, 2022.

On May 6, 2022, Mr. Zhang appeared before Your Honor and his term of supervised was revoked.  The defendant was sentenced to time served and any additional time needed to be admitted into inpatient treatment. Upon completion of treatment, the defendant was to be placed on a period of supervised release under same terms and conditions as previously imposed.  It was ordered that the supervision term shall cease on July 1, 2024.

**Petition on Supervised Release**
**Page 3**
**RE:  ZHANG, Yuchen**

Mr. Zhang entered inpatient treatment on May 19, 2022 and successfully completed the program on June 30, 2022.  Upon completion of the inpatient treatment, Mr. Zhang began attending weekly individual and group substance abuse treatment at National Counseling Group (NCG).  On October 22, 2022, Mr. Zhang missed his counseling session at NCG.  The defendant reported to his counselor that he was experiencing withdrawals and was too tired to drive to Annandale to attend his session that day.

VIOLATION: The following violations are submitted for the Court's consideration:

**CONDITION 3:       FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On July 1, 2022, Mr. Zhang was placed on the random drug testing program.  After being placed on the random drug testing program, the defendant failed to report for drug testing on July 18 and 26 and September 26 and 28, 2022.

**CONDITION 7:       USE OF METHAMPHETAMINE.**

On August 16, 2022, Mr. Zhang submitted a drug test that was positive for amphetamine and he admitted to using methamphetamine on or about August 14, 2022.

On October 3, 2022, Mr. Zhang reported to the probation office to submit a drug test that was to be collected by Supervisory United States Probation Officer Brent Keith.  Initially, the defendant was unable to provide a specimen and requested a drink of water.  During Mr. Zhang's second attempt to provide a specimen, the defendant turned away from the mirror in the collection room which obstructed Officer Keith's view as he attempted to observe the drug test.  At that time, Officer Keith directed the defendant to face him and lower his pants.  Upon lowering his pants, Officer Keith noticed straps on both sides of the defendant's hips, a bag containing a substance consistent with the color of urine and what appeared to be a whizzinator.  The device was confiscated by Office Keith and Mr. Zhang left the probation office without providing a urine screen.  When confronted about the events of October 3, 2022, Mr. Zhang admitted to using methamphetamine on or about October 1, 2022.

On October 18, 2022, Mr. Zhang submitted a drug test that was positive for amphetamine and admitted to using methamphetamine prior to submitting the test, but could not remember the exact date he used the drug.

DAG/cmf