IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:20-CR-226 |
| v. ) | |
| ) | The Honorable Anthony J. Trenga |
| YUCHEN ZHANG, ) | |
| ) | Hearing Date: August 30, 2023 |
| *Defendant*. ) | |

**UNITED STATES' POSITION ON
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, through her Special Assistant United States Attorney, submits this memorandum, pursuant to 18 U.S.C. § 3583, Federal Rule of Criminal Procedure 32.1, and the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G." or "Guidelines"), regarding the violations of supervised release in the above-captioned case. These violations are based on one Petition on Supervised Release ("Petition"), dated October 26, 2022, and one Addendum to Petition on Supervised Release ("Addendum"), dated November 15, 2022, both submitted by Senior Probation Officer Duane Gilliam. *See* ECF 83 and 86. The Petition alleges violations of Conditions 3 and 7 of his supervised release (Failure to follow the instructions of the Probation Officer, and Use of Methamphetamine, respectively), while the Addendum alleges violations of a Mandatory Condition, and Condition 7 (Commission of a Crime, and Use of Methamphetamine, respectively).

For the reasons set forth below, the United States moves this Honorable Court to: (1) find Defendant has violated the terms of his supervised release, (2) revoke his term of supervision, (3) impose a term of imprisonment of 10 months, and (4) terminate Defendant from supervision.

## BACKGROUND

**I.     Defendant's Underlying Offense and Prior Violations**

On September 30, 2020, Defendant pleaded guilty to one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1349. *See* ECF No. 29. On February 10, 2021, Defendant was sentenced to 7 months imprisonment, followed by 3 years of supervised release. *See* ECF No. 58. While on supervised release, Defendant was subject to the standard conditions, as well as special conditions to 1) surrender at the completion of his sentence to an immigration official for deportation, 2) if ordered deported, to remain outside of the United States unless given express written consent from the United States Attorney General and the Secretary of the Department of Homeland Security, 3) remain drug free and submit to mandatory drug testing, and satisfactorily complete any substance abuse treatment as directed by probation, 4) participate in mental health counseling and treatment at the direction of probation, 5) apply all monies received to court-ordered financial obligations, 6) not incur new credit charges or open new lines of credit, 7) provide probation access to requested financial information, and 8) pay restitution in the amount of $42, 306.22 to the victims. *See* ECF No. 58. Defendant was released from the custody of the Bureau of Prisons on June 24, 2021, however his supervision commenced inactive on that date, as he was released to the custody of the Department of Homeland Security Bureau of Immigration and Customs Enforcement ("ICE"). *See* ECF No. 83. On October 22, 2021, Defendant was released from ICE custody pending deportation to China. *Id.*

Defendant has had numerous violations of both pretrial conditions and supervised release. Defendant's pretrial violations include the use of illegal substances, admission to using the same, and incurring various criminal charges. *See* ECF No. 31, 32, 41. *See also* ECF No. 39 and 47 (Orders finding Defendant violated the terms of pretrial release).

Defendant has incurred the same violations while on supervised release. On March 4, 2022, a Petition on Supervised Release was issued. On December 21, 2021, Defendant submitted a positive drug test for amphetamine. Defendant admitted to using methamphetamine on December 18, 2021. On February 22, 2022, Defendant submitted drug test positive for amphetamine. Defendant admitted to using such on February 21, 2022. *See* ECF No. 61.

An Addendum to that Petition was issued on April 21, 2022. On February 8, 2022, Defendant placed on code-a-phone for random drug testing. Defendant failed to report for testing on March 24 and April 18, 2022. On March 31, 2022, Defendant submitted a sample which tested positive for amphetamine and admitted to using same on March 29, 2022. On April 6, 2022, Defendant submitted specimen which tested positive for amphetamine. On April 12, 2022, Defendant was confronted and admitted to using methamphetamine on April 2, 2022. On April 12, 2022, Defendant submitted a specimen which tested positive for amphetamine and admitted to using methamphetamine on April 9, 2022. On April 19, 2022, Defendant submitted a specimen which tested positive for amphetamine, and admitted to using methamphetamine on April 16, 2022. *See* ECF No. 70.

On May 6, 2022, Defendant admitted to and was found in violation of the terms of supervised release. Defendant was sentenced to time-served, plus any additional time needed for admission to an in-patient treatment program.

II. **Current Violations and Procedural History**

The violation of a Mandatory Condition is based on Defendant's arrest on November 13, 2022, in Arlington County, Virginia, at which time he was charged with violations of VA Code §§ 18.2-94 (x2), 18.2-95 (x6), 18.2-137 (x5), 18.2-108.01 (x2), 18.2-146 (x1), 18.2-308 (x1), and 46.2-1079 (x1)(Possession of Burglarious Tools, Grand Larceny, Destruction of Property, Intent

to Sell Stolen Property, Tampering with Vehicle, Carry Concealed Weapon, and Having a Radar Detection Device/Jammer, respectively). Defendant was ultimately convicted of three of those charges in the Arlington County Circuit Court, specifically violations of VA Code §§ 18.2-95, and 18.2-137 (x2) (Grand Larceny and Destruction of Property). Those case numbers are CR23-284, 286, and 287. Defendant was sentenced to 3 years incarceration, with 2 years suspended, and placed on supervised probation for 2 years. Such conviction was based on Defendant stealing airbags from vehicles. *See* ECF No. 86.

The Condition 3 violations are based on Defendant's failure to report for drug testing on July 18 and 26, and September 26 and 28, 2022.

The Condition 7 violations are based on Defendant's positive drug test and admission to using methamphetamine on August 14, 2022, his October 3, 2022 attempt to defeat a drug screen, his admission to using methamphetamine on October 1, 2022, his positive test and admission on October 18, 2022, and his positive test and admission on November 1, 2022.

## ANALYSIS

**I.   Legal Standard**

Revocation hearings are not formal trials, and the Federal Rules of Evidence need not be strictly observed. FED. R. EVID. 1101(d)(3); *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968) (per curiam). A sanction for a supervised release violation is appropriate when a court finds by a preponderance of the evidence that a defendant violated a term of release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Upon a finding that a defendant violated a term of release, a court may revoke supervised release and "require the defendant to serve in prison all or part of the supervised release term authorized by the statute for the offense, without credit for time previously served on postrelease

supervision[.]" 18 U.S.C. § 3583(e)(3). A court may also impose another period of supervised release; the length of a new term of supervised release cannot exceed the term of supervised release authorized by the statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). If the court does not revoke supervised release, it may continue, modify, or terminate the release term. 18 U.S.C. § 3583(e)(1)–(2). Further, in this case, revocation is mandatory. 18 U.S.C. § 3583(g).

Before revoking or modifying a term of supervised release, courts must consider the § 3553(a) sentencing factors—except for the factors under § 3553(a)(2)(A) or the kinds of sentences available under § 3553(a)(3). *See* 18 U.S.C. § 3583(e). Thus, the court must consider the history and characteristics of the defendant; the nature and circumstances of the offense; and the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

II. **Statutory and Guidelines Analysis**

   A. *Maximum term of imprisonment upon revocation.*

As a general matter, if a court determines by a preponderance of the evidence that a defendant violated the terms of his supervised release, it may revoke the supervised release authorized for the underlying offense. 18 U.S.C. § 3583(e)(3).

Defendant's underlying offense is Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. *See* ECF 58. Such offense carries a maximum prison term of 20 years, making it a Class C felony. 18 U.S.C. §§ 1349, 1343, 33559(a)(1). Accordingly, if Defendant's supervised release is revoked, the Court may impose a maximum of 2 years imprisonment. 18 U.S.C. §

5

3583(e)(3) (capping term of imprisonment for violation of supervised release for Class C felony at 2 years).

  B. *Maximum additional term of supervised release after term of reimprisonment served.*

Upon revocation, a court may impose an additional term of supervised release after a defendant's reimprisonment. The court may impose a new supervised release term of the maximum term authorized by statute, less any term of imprisonment imposed. 18 U.S.C. § 3583(h) (providing the calculation of the length of an additional term of supervised release). Defendant's underlying offense is a Class C felony. The maximum length of supervised release authorized for such offense is not more than 3 years. 18 U.S.C. § 3583(b)(2). Thus, the Court could impose a new term of supervised release of not more than 3 years, less any term of imprisonment it might impose for the instant supervised release violation. 18 U.S.C. § 3583(h).

The Court has previously imposed term(s) of imprisonment of time-served plus any additional time needed to be admitted to in-house patient treatment for prior violations.

  C. *Sentencing Guidelines calculation.*

The Sentencing Commission provides non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Under the relevant policy statement, there are three grades of violations. Defendant is alleged to have committed a Grade B violation.

A Grade B Violation consists of "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year". U.S.S.G. § 7B1.1(a)(2).

The Sentencing Commission's policy statements provide a suggested range of terms of imprisonment upon revocation of supervised release. U.S.S.G. § 7B1.4. Defendant has a Criminal History Category of I. Thus, the guidelines range for this violation is 4 to 10 months incarceration.

## RECOMMENDATION

The United States respectfully recommends that this Court find Defendant in violation of the terms of supervised release, revoke supervised release, impose a term of imprisonment of 10 months, and terminate Defendant from supervision. This recommendation is supported by the sentencing factors detailed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the nature and characteristics of the defendant, and the need for the sentence to provide adequate deterrence to criminal conduct. *See* 18 U.S.C § 3553(a)(1), (2)(A), (2)(B).

Defendant's underlying conviction involved fraud, which resulted in a loss from numerous victims. His current violations, specifically the new convictions, also involve theft and destruction of property, of a felonious amount. In addition, Defendant has numerous substance related violations. Defendant has prior violations on his supervised release in this matter concerning the use of illegal substances. It is clear that a lengthy term of incarceration is not only warranted, but is absolutely necessary, given the history and characteristics of the Defendant. Defendant began this process by being in the United States illegally. While here, illegally, he committed crimes, resulting in his conviction and obligation of restitution in an amount of over $40,000.00. Then, while on supervision, Defendant violates the terms of his supervision. Defendant is sentenced, again, and begins supervision, again. Defendant then violates the terms of his supervision a second time. Again, Defendant is sentenced, and begins supervision. Now, Defendant has violated the terms of supervision, with both violations being egregious. Defendant has committed more crimes, resulting in more victims in the Commonwealth of Virginia, while he's on supervision for a crime he committed while being in the United States illegally. The Defendant also has completely ignored the Court's order to stop using illegal substances. This continued use of substances is after Defendant successfully completed a program on June 30, 2022. It is clear Defendant has no interest

in complying either with the law, or with anything the Court orders. As such, it is entirely appropriate and warranted in this matter to sentence Defendant to 10 months of incarceration. It is necessary to punish Defendant for his actions, but also for deterrence. The deterrence is not solely for this Defendant, who has shown deterrence has no effect on him, but to deter others from disregarding Court orders. Anything less will send a message to those on supervision that they are free to ignore anything the Court orders with little consequence.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Thomas M. Kersey    VSB #93602
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office      (703) 299-3811
Fax        (703) 299-3980
Email      thomas.kersey@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August ____29____, 2023, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record. I further herby certify that on August ____29____, 2023, I sent a copy of the foregoing to Duane Gilliam, Senior United States Probation Officer, via electronic mail.

By: _____
Thomas M. Kersey    VSB #93602
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office         (703) 299-3811
Fax            (703) 299-3980
Email          thomas.kersey@usdoj.gov